IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WILLIAM G. FOULK,** | 3:12-CV-00400-AC |
| Plaintiff, | ORDER |
| v. | |
| SUZANNE M. UPTON, KEITH RAINES, ANDREW R. ERWIN, DONALD R. LETOURNEAU, KIRSTEN E. THOMPSON, and ROBERT J. LOVELAND, | |
| Defendants. | |

**BROWN, Judge.**

Magistrate Judge John V. Acosta issued Findings and Recommendation (#29) on November 27, 2012, in which he recommends the Court grant State Defendants' Motion (#10) to Dismiss with prejudice, grant Defendant Robert Loveland's Motion (#17) to Dismiss with prejudice, deny all remaining Motions as moot, and

1 - ORDER

dismiss Plaintiff's Complaint in its entirety.

Plaintiff filed timely Objections to the Findings and Recommendation and a Motion (#31) for Leave to Amend Complaint. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

**I. Plaintiff's Objections to the Findings and Recommendation**

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

In his Objections, Plaintiff reiterates the arguments contained in his Responses to Defendants' Motions to Dismiss. This Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

**II. Plaintiff's Motion for Leave to Amend Complaint**

In his Motion for Leave to Amend Complaint, Plaintiff seeks leave to amend his Complaint to assert claims against the State of Oregon.

The Eleventh Amendment provides: "The Judicial Power of the

2 - ORDER

United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  Although the Eleventh Amendment does not bar actions against a state by its own citizens on its face, courts have consistently held an unconsenting state is immune from actions brought in federal courts by her own citizens as well as by citizens of another state.  *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009).  *See also Mayweathers v. Newland*, 314 F.3d 1062, 1069 (9th Cir. 2002)(same).  In addition, the Supreme Court has held actions against state officials acting in their official capacities are equivalent to actions against the state itself and, therefore, raise the same Eleventh Amendment concerns as actions against the state.  *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1188-89 (9th Cir. 2012).

There are two exceptions to a state's sovereign immunity: (1) when Congress has validly abrogated that immunity or (2) when a state has expressly consented to the suit.  *Pittman v. Or., Emp't Dep't*, 509 F.3d 1065, 1072 (9th Cir. 2007)(citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985)).  The Supreme Court has made clear that Congress did not abrogate the states' Eleventh-Amendment immunity by enacting § 1983 or by granting federal courts supplemental jurisdiction over state-law

claims in 28 U.S.C. § l367(a).  *See Quern v. Jordan*, 440 U.S. 332, 341 (1979).  *See also Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541-42 (2002).  Congress, therefore, has not done anything to abrogate the State of Oregon's immunity to the claim that Plaintiff seeks to assert against it.

In addition, the State of Oregon has not consented to be sued nor done anything to waive its immunity in this action.  *See Edelman v. Jordan*, 41 5 U.S. 651, 673 (1974)("[W]e will find waiver only where stated by the most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction.").

The Court concludes the claims that Plaintiff seeks to bring against the State of Oregon are barred by the Eleventh Amendment. Accordingly, the Court denies Plaintiff's Motion for Leave to Amend Complaint.


## CONCLUSION

The Court **ADOPTS** Magistrate Judge Hubel's Findings and Recommendation (#29) and, therefore, **GRANTS** State Defendants' Motion (#10) to Dismiss and **GRANTS** Defendant Robert Loveland's Motion (#17) to Dismiss.  The Court also **DENIES** Plaintiff's Motion (#31) for Leave to Amend and **DENIES as moot** any remaining Motions.  Because there is not a plausible basis on which Plaintiff might replead the claims against Defendants

4 - ORDER

the Court **DISMISSES** Plaintiff's Complaint in its entirety **with prejudice.**

    IT IS SO ORDERED.

    DATED this 23rd day of January, 2013.


                                /s/ Anna J. Brown
                              ANNA J. BROWN
                              United States District Judge